UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA HICKMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 18-cv-00033-LAB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 13, 15)** |

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On January 5, 2018, plaintiff Aurora Hickman filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits and supplemental security income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On November 4, 2013, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning June 21, 2010. (Certified Administrative Record ["AR"] 166-67.) Subsequently, plaintiff protectively filed a Title XVI application for SSI, alleging disability beginning on the same date. (AR 168-73.) After her claims were denied initially and upon reconsideration (AR 105-09, 113-17), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 118-19.) An administrative hearing was held on May 12, 2016. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert ("VE"). (AR 35-67.) At the hearing, plaintiff amended her onset date to January 31, 2016. (AR 37-38.)

As reflected in his August 11, 2016 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from June 21, 2010 through the date of the decision. (AR 17-29.) The ALJ's decision became the final decision of the Commissioner on November 3, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-3.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 21, 2010, her original alleged onset date. (AR 19.)

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spines, and right shoulder bursitis. (AR 19.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 25.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a range of light work, including sit, stand, or walk for 6 hours in an 8-hour day; lift up to 20 pounds occasionally and 10 pounds frequently; occasionally use both lower extremities for pushing, pulling, and operating foot pedals; and occasionally climb stairs, balance, stoop, kneel, crouch, and reach overhead. The ALJ found plaintiff could never climb ladders, ropes or scaffolds, or crawl or reach overhead with the left upper extremity. The ALJ determined that plaintiff could frequently use both upper extremities for gross and fine manipulation, but never be exposed to unprotected heights, dangerous or fast moving equipment, or vibrating tools. (AR 25.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile would be unable to perform any of her past relevant work. (AR 27-28.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, hostess; small parts assembler; counter clerk; and rental clerk), the ALJ found that plaintiff was not disabled. (AR 28-29.)

**DISPUTED ISSUES**

As reflected in plaintiff's motion for summary judgment, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1) Whether the ALJ failed to properly evaluate the medical evidence in assessing plaintiff's RFC, and specifically the May 25, 2016 opinion of plaintiff's treating physician, Marcela Delgado; and

2) Whether the ALJ failed to properly evaluate plaintiff's subjective testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. Reversal is not warranted based on the ALJ's alleged failure to properly evaluate the May 26, 2016 opinion of plaintiff's treating physician.

The medical evidence of record included a 2-page Summary Impairment Questionnaire form completed on May 25, 2016 by Dr. Marcela Delgado. (AR 827-28.) Although Dr. Delgado indicated that she had been treating plaintiff on a monthly basis since March 15, 2015 (AR 827), the administrative record does not include any of her treatment notes. Dr. Delgado diagnosed lumbosacral disc disease, large disc herniation at L4-5, multiple level cervical degenerative disc disease from C2-3 to C5-6, and subacromial/subdeltoid bursal effusion, citing a 2013 MRI and x-rays and an MRI from 2011 in support of these diagnoses. (*Id.*) In the section of the form asking for the patient's primary symptoms, Dr. Delgado wrote: "She is unable to sit, walk, or stand for long period of time, due to moderate to severe pain [in the] neck, shoulder, [and] low back." (*Id.*) Dr. Delgado opined that, in an 8-hour workday, plaintiff could sit for 2 hours total, stand/walk

for less than 1 hour, and must elevate both legs six inches or less while sitting for 2 hours at a time. (AR 828.) Dr. Delgado further opined that plaintiff could "never/rarely" lift/carry even 0-5 pounds and that she had significant limitations reaching, handling, or fingering. Specifically, plaintiff could never/rarely use the left arm and only occasionally use the right arm to (a) grasp, turn and twist objects, (b) use the hands/fingers for fine manipulations, and (c) use the arm for reaching, including overhead. Dr. Delgado also opined that plaintiff was likely to be absent from work more than 3 times per month as a result of her impairments or treatment. (*Id.*)

The law is well established in this Circuit that a treating physician's opinion is entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, a treating physician's opinion is controverted,[1] it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with

---

[1] Dr. Delgado's opinion was controverted by the opinion of Dr. Thomas Sabourin, a consultative examiner, who opined that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours and sit 6 hours in an 8-hour workday; push and pull equal to the lift and carry limitations; and occasionally climb, stoop, kneel, and crouch; and that plaintiff had no manipulative limitations. (*See* AR 633-37.)

specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ stated the following with respect to Dr. Delgado's opinion:

> "The undersigned ALJ finds Dr. Delgado's assessment extreme. While the claimant does have some back issues including a large herniated disc, degenerative disc disease, and narrowed disc spaces, there is no consistent evidence that the claimant would be unable to lift 0-5 pounds. In fact, at the hearing, she admitted that she could lift a gallon of milk, which is 8 pounds. Additionally, there is no evidence to undergird her assertion that the claimant is required to elevate her feet two hours at a time. Furthermore, Dr. Delgado indicated that the claimant is able to sit, stand or walk less than 3 hours in an 8 hour workday. There is no persuasive evidence to suggest that the claimant is essentially bedfast. Because of these internal inconsistencies, lack of documentation and the unreasonable nature of the limitations, the undersigned ALJ gives Dr. Delgado's assessment very little weight." (AR 24.)

The Court finds that these were legally sufficient reasons on which the ALJ could properly rely to accord "very little weight" to Dr. Delgado's opinion. *See, e.g., Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (Commissioner under no obligation to accept treating physician's opinion that was "brief, conclusory, and inadequately supported by clinical findings"); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion of disability because it was inconsistent with claimant's level of activity); *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) (stating that a physician's opinion may be "entitled to little if any weight" where the physician "presents no support for her or his opinion"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ could properly reject medical report by citing its inconsistency with the claimant's own testimony); *Magallanes*, 881 F.2d at 751, 754 (same); *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

Finally, the Court rejects plaintiff's contention that, if the ALJ felt Dr. Delgado's treatment notes were necessary, he should have requested them. (*See* ECF No. 13 at 14.)

6

18-cv-00033-LAB (RNB)

It is the plaintiff's duty to prove that she is disabled. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990). As noted in *Mayes*, 276 F.3d at 459-60, an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.

Here, plaintiff appears to confuse an ALJ's duty to develop an inadequate or ambiguous record with one of the reasons cited by ALJ for rejecting Dr. Delgado's opinion, *i.e.*, it lacked documentation to support her "extreme assessment." The ALJ had no duty to develop the record simply because the ALJ found Dr. Delgado's opinion lacked support. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("Rejection of the treating physician's opinion . . . does not by itself trigger a duty to contact the physician for more explanation").

The Court is mindful of Ninth Circuit authority for the proposition that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). However, the Court concurs with the Commissioner that, even if this duty applied to the records of Dr. Delgado, who was one of plaintiff's treatment providers in Tijuana, the ALJ fulfilled this duty when he sent plaintiff pre-hearing notices instructing her to submit probative evidence (AR 120-24, 129-41) and when he acceded to plaintiff's counsel's request to hold the record open for 30 days following the administrative hearing to allow plaintiff to submit additional medical records from her Tijuana treatment providers. (AR 38-39.) *See Conner v. Colvin*, 674 F. App'x 629, 630 (9th Cir. 2017) (holding the ALJ satisfied the duty to develop the record where the ALJ sent notices prior to the hearing instructing the claimant to submit probative evidence and left the record open for 30-days post-hearing to give the claimant a chance to supplement the record); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ may discharge his duty to develop the record in several ways, including: subpoenaing the claimant's physicians, submitting

questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record."); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (holding that ALJ satisfied any duty to develop record by requesting additional records from claimant and her counsel, and by keeping post-hearing record open for supplemental medical evidence).

### B. The ALJ failed to properly evaluate plaintiff's subjective testimony.

At the administrative hearing, plaintiff testified that she was unable to work because of constant back pain. (*See* AR 41, 43.) She also testified to having limited use of her left arm and hand due to pain resulting from a fall. (AR 48, 56.) She estimated that she could sit approximately 2 hours at a time, stand 20 minutes, and walk 15-20 minutes. (AR 44, 53.) She testified that she kept a cane in her car which she used when she had muscle spasms. (AR 44.) At the time of the hearing, she was working a 3-month temporary job as a laboratory "stationer," preparing specimens to be put into machines. (AR 40-41.) However, almost every week, she calls in sick on Wednesday to give herself a day off to rest. (AR 55.) She also needed to take a break to stretch and move around for 5 minutes after sitting for 2 hours and stand for 10-15 minutes 4-5 times during an 8-hour workday. (AR 54-55.) She also testified that she has difficulty focusing sometimes. (AR 59.)

Plaintiff also testified that her adult children live with her to help take care of her. (AR 46, 55-56.) She can manage her own personal care with additional time, but has difficulty dressing and bathing. (AR 46-47.) She relies on her children to perform most household chores and her daughter must help her go to the bathroom. (*Id.*) Her children drive her to Tijuana for medical treatment because she does not have insurance. (AR 47, 51.) She eats out with her family at times, but it is difficult for her. (AR 50.) She does go to church on Sundays, and alternates between sitting and standing during the hour long service, but sometimes has difficulty concentrating. (AR 50-51.)

It is well established in this Circuit that, if the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to

produce some degree of pain and/or other symptoms and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). Further, it is incumbent on the ALJ to specify which statements by plaintiff concerning his or her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. *See Reddick*, 157 F.3d at 722; *Smolen*, 80 F.3d at 1284.

Here, the ALJ did not specifically summarize plaintiff's administrative hearing testimony in his decision. He did state that plaintiff "has alleged that she is unable to work due to constant back pain, neck and shoulder pain." (AR 26.) The ALJ then stated:

> "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

The ALJ proceeded to cite a Function Report submitted by plaintiff (AR 213-20) in which plaintiff described her activities of daily living, as well as a Third Party Adult Function Report submitted by plaintiff's daughter (AR 249-56). The Ninth Circuit has noted that there are "two grounds for using daily activities to form the basis of an adverse credibility determination": Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the Commissioner does not contend that the ALJ was invoking the second ground. Rather, the Commissioner contends that the ALJ appropriately considered inconsistencies in plaintiff's and her daughter's statements and the evidence that cast doubt on the extent of plaintiff's symptom allegations. (*See* ECF

No. 15-1 at 21-22.) The ALJ did cite two supposed inconsistencies in his decision. First, the ALJ noted that the daughter had stated in the Third Party Function Report that her mother had used a cane since 2009 and asserted, "[t]his is contradictory to her mother's statements and the fact she presented to the orthopedic consultative examiner without a cane and has been found to have a normal gait in almost all examinations." (AR 27 citing AR 255.) The Court has reviewed plaintiff's administrative hearing testimony, the daughter's Third Party Function Report, and the consultative examiner's report and fails to see any inconsistency. Plaintiff testified at the administrative hearing that she kept a cane in her car which she used when she had muscle spasms. (AR 44.) Her daughter indicated in the Third Party Function Report that, since 2009, plaintiff had used a cane "as needed for support." (AR 255.) Plaintiff told the consultative examiner that she used a cane at times. (AR 633.) Moreover, even if the fact that plaintiff was found to have a normal gait in almost all examinations qualified as an inconsistency with her testimony about sometimes using a cane, the Court finds that this "inconsistency" does not constitute a clear and convincing reason for rejecting plaintiff's excess pain testimony in its entirety.

The ALJ also noted that both function reports indicated that plaintiff "generally does not have issues paying attention or concentrating unless she is in significant pain." He then asserted, "This is inconsistent with her testimony at the hearing that she sometimes has difficulty understanding what is happening during a church service." (AR 27.) Again, the Court fails to see any inconsistency between what plaintiff and her daughter stated in the function reports and what plaintiff testified to at the administrative hearing. Plaintiff's pain sometimes was sufficiently severe that it affected her ability to concentrate.

The Commissioner has cited other supposed inconsistencies (*see* ECF No. 15-1 at 22), but because the ALJ did not rely on these other supposed inconsistencies as a reason for not crediting plaintiff's subjective symptom testimony, the Court is unable to consider them as a basis for upholding the ALJ's adverse credibility determination. *See Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."); *see*

*also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). For the same reason, the Court is unable to consider the Commissioner's contention that the ALJ also relied on the consultative examiner's "repeated findings and observations of [p]laintiff exaggerating" in support of her adverse credibility determination. (*See* ECF No. 15-1 at 22.)

As for the Commissioner's contention that the ALJ reasonably discounted plaintiff's subjective complaints based on the lack of objective evidence, since the ALJ's other reasons were legally insufficient to support his adverse credibility determination, this remaining reason (*i.e.*, the lack of objective medical support) cannot be legally sufficient by itself. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883-84 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); *cf. Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

## CONCLUSION AND RECOMMENDATION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister*, 888 F.2d at 603; *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to

which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful of Ninth Circuit authority for the proposition that, where an ALJ failed to properly consider either subjective symptom testimony or medical opinion evidence, it is sometimes appropriate to credit the evidence as true and remand the case for calculation and award of benefits. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1019-21 (9th Cir. 2014). However, in *Ghanim v. Colvin*, 763 F.3d 1154, 1167 (9th Cir. 2014), a case decided after *Garrison*, another Ninth Circuit panel did not apply or even acknowledge the "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse credibility determination; instead, the panel simply remanded the case for further administrative proceedings. And, in *Marsh v. Colvin*, 792 F.2d 1170, 1173 (9th Cir. 2015), the panel did not apply or even acknowledge the "credit as true" rule where the ALJ had failed to even mention a treating source's opinion that the claimant was "pretty much nonfunctional"; instead, the panel simply remanded the case to afford the ALJ the opportunity to comment on the doctor's opinions.

Here, although plaintiff contends that "the decision of the Commissioner should be reversed for a calculation and award of benefits" (*see* ECF No. 13 at 18), the Commissioner has argued that the appropriate remedy in the event of reversal would be a remand for further administrative proceedings (*see* ECF No. 15-1 at 23-24). The Court deems plaintiff's failure to adequately brief the issue of the appropriate remedy and failure to even reply to the Commissioner's contention in this regard as a concession to the correctness of the Commissioner's position.

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

IT IS SO ORDERED.

Dated: August 15, 2018

ROBERT N. BLOCK
United States Magistrate Judge